UNITED STATES of America,
Plaintiff-Appellee,

v.

James C. BUCKNER,
Defendant-Appellant.

No. 86–3128.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 14, 1987.
Decided Oct. 1, 1987.

Andrew B. Spiegel, Chicago, Ill., for defendant-appellant.

Stephen P. Sinnott, Victoria J. Peters, Asst. U.S. Attys. (Anton R. Valukas, U.S. Atty.), Chicago, Ill., for plaintiff-appellee.

Before FLAUM, EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

The prosecutor launched a preemptive strike in this criminal prosecution of a tax protester. The district court granted the prosecutor's request for an order forbidding the defense to bring "to the attention of the jury by argument or evidence any matters relating to" five enumerated issues:

That the Sixteenth Amendment to the U.S. Constitution was improperly ratified and therefore never came into being;

That wages are not income and therefore are not subject to federal income tax laws;

That tax laws are unconstitutional;

That filing a tax return violates the privilege against self incrimination under the Fifth Amendment to the U.S. Constitution;

That Federal Reserve Notes do not constitute cash or income.

These "tired arguments", *Coleman v. CIR,* 791 F.2d 68, 70 (7th Cir.1986), are the rep-

ertory of the tax protest movement. They amount to obdurate refusal to acknowledge the law. In civil litigation they are sanction-bait, see *Coleman;* Buckner seeks to persuade us that in criminal litigation they are grounds of acquittal.

His technical argument is that offenses such as tax evasion under 26 U.S.C. § 7201, failure to file tax returns under 26 U.S.C. § 7203, and filing false forms W–4 under 26 U.S.C. § 7205—the offenses of which Buckner was convicted—are specific intent crimes. The prosecution must show that Buckner did these things knowing he had a duty to act otherwise. *United States v. Pomponio,* 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976). Buckner contends that he must be acquitted if he acted in a mistaken belief that his conduct was in accord with law.

The approach is brought up short by this circuit's rule that only objectively reasonable mistakes negate the necessary mental state for tax offenses. *United States v. Moore,* 627 F.2d 830, 833 (7th Cir.1980). Although this view has been challenged by other circuits, e.g., *United States v. Aitken,* 755 F.2d 188, 191–93 (1st Cir.1985), we have reaffirmed it. *United States v. Davenport,* 824 F.2d 1511, 1517–18 (7th Cir. 1987); see also, e.g., *United States v. Bressler,* 772 F.2d 287, 290–91 & n. 2 (7th Cir.1985). If the legal system accepts every mistake of law as a defense, this leads people to be ignorant, to delude themselves, or to tell tall tales to the jury. If the legal system either refuses to recognize a mistake of law as a defense (the usual rule) or accepts only a reasonable mistake as a defense (our rule in tax cases), this leads people to learn and comply with the law. Limiting the defense in tax cases is essential because the desire to keep as much of one's income as possible would supply an irresistible temptation to be obtuse about the law, if obtuseness eliminated the duty to pay.

Our cases from *Moore* to *Davenport* have dealt with jury instructions. Their principle governs the receipt of evidence as well. If a particular belief is objectively unreasonable as a matter of law and there-

fore irrelevant, the court need not accept evidence tending to show that the defendant possessed that belief. Fed.R.Evid. 402. And there can be no doubt that the five propositions the district court put under the ban are unreasonable as a matter of law. We have rejected each, many times. Believing an incorrect proposition of law is a "reasonable" mistake only if there is a bona fide dispute about it. For example, a person with a rare blood type who regularly sells the blood may be reasonable (if wrong) in believing that the exchange is not taxable, when there is no precedent directly on point. See *United States v. Garber*, 607 F.2d 92 (5th Cir.1979) (en banc). Clinging to a proposition that has been unanimously rejected by numerous courts is not a "reasonable" mistake.

■ The court told the jury that it could convict Buckner only if the prosecution proved beyond a reasonable doubt that Buckner knew he had to pay taxes and file returns. It informed the jury that a "good-faith misunderstanding of the law based on reasonable grounds may negate wilfulness." The court's order did not prevent Buckner from showing any mistake based on "reasonable grounds". He complied with the tax laws until 1981. Then he stopped filing returns and started making specious claims of exemption on his W–4 forms. The evidence was sufficient to support the jury's verdict.

■ Buckner's principal remaining argument is that the court unduly restricted his access to information about the composition of the grand jury panel. The court made available data about the panel in April 1984, from which the grand jurors who indicted Buckner were drawn. The court also set a date for making motions based on these data. The date passed, but Buckner belatedly filed an unsworn motion calling the data insufficient for analysis and requesting more. The court properly denied this request. Buckner had a statutory right to data sufficient to assess the composition of the panel, 28 U.S.C. § 1867(f); *Test v. United States*, 420 U.S. 28, 95 S.Ct. 749, 42 L.Ed.2d 786 (1975), but the statute offers assistance only to the litigant who analyzes the data he receives and provides a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title", § 1867(d). An untimely assertion that counsel wants more data does not automatically entitle the litigant to another round of records. The Jury Selection and Service Act is not a license for delay at the defendant's option. *United States v. Koliboski*, 732 F.2d 1328, 1331 (7th Cir.1984). Having failed to make anything of the data he requested underlying the selection of the grand jury that indicted him, Buckner was not entitled to rummage through the records for other months.

■ Buckner also insists that the charges of failure to file returns are lesser included offenses of the charges of tax evasion. We held the contrary in *United States v. Foster*, 789 F.2d 457, 460 (7th Cir.1986), which Buckner's lawyer, Andrew B. Spiegel of Chicago, does not cite even though he was also Foster's lawyer. We remind Spiegel of his ethical obligation to bring to the court's attention relevant authority binding on the court. Tax protesters ignore cases rejecting their positions; we expect different behavior from members of our bar. None of Buckner's other contentions requires discussion.

AFFIRMED.