**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**John L. CHEEK, Defendant–Appellant.**

**No. 88–1582.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 1988.

Decided Aug. 21, 1989.

Kristina M.L. Anderson, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., David J. Stetler, James R. Ferguson, Asst. U.S. Attys., Crim. Receiving, Appellate Div., Chicago, Ill., for U.S.

Cynthia Giacchetti, Tuite, Mejia & Giacchetti, Chicago, Ill., for John L. Cheek.

Before COFFEY, MANION and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Defendant-appellant John L. Cheek appeals his conviction of three counts of tax evasion, one count of false claims against the government for income tax withheld, and six counts of willful failure to file individual tax returns. He challenges his conviction on numerous grounds. Chief among these grounds are the arguments that the district court erred in instructing the jury on his theory of defense, and that the district court's reinstruction of the jury was improper. For the reasons discussed below, we affirm.

## I. Facts

Defendant John L. Cheek is a pilot for American Airlines, where he has worked since 1973. From 1969 to 1979, he properly filed tax returns. For the tax years of 1980 through 1986, however, he did not file tax returns, except for 1982, when he filed a frivolous return. From January, 1980, to January, 1981, he filed frivolous W–4 forms claiming an increasing number of withholding allowances, eventually claiming as many as 60. Thereafter, he claimed on his W–4 form that he was exempt completely from taxation.

During this time, Cheek also filed civil suits against American Airlines and the Internal Revenue Service. The suit against American Airlines claimed that taxes were wrongly withheld by American from his wages. In his suit against the IRS, Cheek claimed, for various reasons, that he was not required to pay any income tax. In one of these cases, not only did the district court find Cheek's position frivolous, but also fined him $10,000.00 (subsequently reduced on appeal to $5,000.00) for bringing this suit. *See Cheek v. Doe,* 828 F.2d 395 (7th Cir.), *cert. denied,* 484 U.S. 955, 108 S.Ct. 349, 98 L.Ed.2d 374 (1987). Cheek also appeared at the criminal tax trials of other persons.

On March 9, 1987, Cheek was indicted with three counts of tax evasion for the tax years 1980, 1981, and 1983 (in violation of 26 U.S.C. § 7201), one count of false claims against the government for income tax withheld in 1982 (in violation of 18 U.S.C. § 287), and six counts of willful failure to file income tax returns for the tax years 1980, 1981, 1983, 1984, 1985 and 1986 (in violation of 26 U.S.C. § 7203).

Before closing arguments in the trial, Judge Plunkett conducted a jury instruction conference. Among the instructions he discussed was proposed Government Instruction No. 38. This instruction read:

A person's opinion that the tax laws violate his constitutional rights does not constitute a good faith misunderstanding of the law. Furthermore, a person's disagreement with the government's tax collection system and policies does not constitute a good faith misunderstanding of the law.

The trial judge then modified this instruction. Given to the jury as Jury Instruction No. 32, this instruction now read:

An objectively reasonable good faith misunderstanding of the law negates willfulness. An objectively reasonable good faith misreading of the law may be based upon the defendant's own legal research or an attorney's advice. Good faith reliance does not require that the defendant's research come to a correct determination of the law, nor that the attorney's advice be correct. It requires that the defendant honestly and reasonably believe his research or the advice, and believe that it is correct and relies upon it.

Disagreement with the law does not constitute a good faith misunderstanding of the law because it is the duty of all persons to obey the law whether or not they agree with it. Persistent refusal to acknowledge the law does not constitute a good faith misunderstanding of the law.

Also given to the jury was Instruction No. 53, Cheek's theory of defense instruction. The court had drafted this instruction for Cheek. It discussed, among other things, Cheek's belief that he was not a taxpayer, that his wages did not constitute income, and that he was not required to file tax returns.

The jury began its deliberations on the morning of November 10. At 3:00 that afternoon, it sent out a note asking for a transcript of Cheek's testimony in which he discussed his beliefs. The court denied this request. At about 4:15 p.m., the jury sent out a second note. This note stated in part:

> We have a basic disagreement between some of us as to if Mr. Cheek honestly and reasonably believed that he was not required to pay income taxes ... Page 32 [the modified Government Instruction No. 38] discusses good faith misunderstanding and disagreement. Is there any clarification you can give us on this point? Page 53 [presumably Jury Instruction No. 53] is the one we cannot get by as to his belief.

In the ensuing discussion about this note, the government pointed out to the court that in revising Government Instruction No. 38, the court had eliminated the statements that a person's opinion that the tax laws violate his constitutional rights and a person's disagreement with the government's tax collection do not constitute a good faith misunderstanding of the law. Judge Plunkett's response to the jury's note included a supplemental instruction with these missing statements.

At 7:10 p.m. that day, the jury sent out another note saying that it still could not reach a decision because "we are divided on the issue as to if Mr. Cheek honestly and reasonably believed that he was not required to pay income tax." When the jurors resumed deliberating on November 12, the government moved for the court to clarify its instructions to the jury before it resumed its deliberations. Judge Plunkett agreed with this request, and gave the jury a second additional instruction. This instruction stated that "an honest but unreasonable belief is not a defense [to the charges] and does not negate willfulness," and that "advice or research resulting in a conclusion that wages of a privately employed person are not income or that the tax laws are unconstitutional is not objectively reasonable and cannot serve as the basis for a good faith misunderstanding of the law defense." Coupled with this instruction was the *Silvern* instruction (commonly referred to as the "dynamite" or "blasting" charge), which the court previously had given to the jury.[1]

Two and-a-half hours later, the jury returned with its verdict. With this verdict, it included several notes that it wanted the court to read after the verdict was read. Before reading any of the notes, the court clerk read the guilty verdict aloud, and the judge polled the jury. Each of the jurors

---

**1.** This instruction provides:

> The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.
>
> It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.

> But do not surrender your honest convictions as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.
>
> You are not partisans. You are judges—judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

*United States v. Silvern,* 484 F.2d 879, 883 (7th Cir.1973) (*en banc*); *see also United States v. Sblendorio,* 830 F.2d 1382, 1386–90 (7th Cir. 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1034, 98 L.Ed.2d 998 (1988).

affirmed that the guilty verdict was his or her own. After reading the notes, the judge polled the jurors once again. None of them indicated any disagreement with the verdict.

The first note, signed by all twelve jurors, stated that they found defendant "guilty as charged on all counts" and that some jurors wished to express their personal opinions—opinions "not meant to affect in any way their verdict of guilty." It said that these notes were given to the judge as "a complaint against the narrow and hard expression under the constraints of the law." Another one of these notes said: "I know the gentleman is guilty of a crime. However, I honestly believe he believed so deeply in his cause that he has risked everything for this cause and truly does not believe that he is breaking the law." The last note said: "(A) 'Honest and Sincere in his Cause'—He is *Guilty*" and "(B) Not 'Objectively Reasonable' He is *Guilty.*"

Cheek now raises numerous challenges to his conviction. Only two of these merit discussion in detail. These are Cheek's challenge to the notion that the standard of whether his belief that he was not breaking the law was valid was one of "objective reasonableness," and his argument that it was error for the district court to have reinstructed the jury.

## II. Discussion

### A. *Instructions to the Jury*

1. Use of the "Objectively Reasonable" Standard

■ All of the crimes of which Cheek was convicted require willfulness. In *United States v. Pomponio,* 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976), the Supreme Court held that "willfully in the context of the Internal Revenue Code" simply means "a voluntary, intentional violation of a known legal duty." *Id.* at 12, 97 S.Ct. at 23. Under the proper circumstances, however, a good faith misunderstanding of the law may negate willfulness. *See, e.g., United States v. Bressler,* 772 F.2d 287, 290 (7th Cir.1985), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 852, 88 L.Ed.2d 892

(1986). Cheek argues that the district court erred in instructing the jury that such a good faith misunderstanding of the law must be "objectively reasonable." Cheek contends that every other circuit that has ruled on the issue of whether a good faith misunderstanding of the law must be objectively reasonable has decided to the contrary, and has adhered to a subjective standard of reasonableness. *See, e.g., United States v. Whiteside,* 810 F.2d 1306, 1310 (5th Cir.1987); *United States v. Phillips,* 775 F.2d 262, 264 (10th Cir.1985); *United States v. Aitken,* 755 F.2d 188, 191 (1st Cir.1985); *Cooley v. United States,* 501 F.2d 1249, 1253 n. 4 (9th Cir.1974), *cert. denied,* 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); *Yarborough v. United States,* 230 F.2d 56, 61 (4th Cir.), *cert. denied,* 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487 (1956); *Battjes v. United States,* 172 F.2d 1, 4 (6th Cir.1949); *see also United States v. Kraeger,* 711 F.2d 6, 7 (2d Cir.1983) (good faith misunderstanding of the law negates willfulness, but a good faith disagreement does not); *United States v. Ingredient Technology Corp.,* 698 F.2d 88, 97 (2d Cir.), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983) (defendant's subjective intent is a jury question).

■ Regardless of what the other circuits have ruled on this issue, this circuit has, in recent years, emphatically adhered to the "objectively reasonable" standard. *See, e.g., United States v. Buckner,* 830 F.2d 102, 103 (7th Cir.1987); *United States v. Davenport,* 824 F.2d 1511, 1517–18 (7th Cir.1987); *Bressler,* 772 F.2d at 290; *United States v. Moore,* 627 F.2d 830, 833 (7th Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981). To the extent that this court's opinion in *United States v. Dack,* 747 F.2d 1172, 1175 (7th Cir.1984) could be interpreted to mean that an "objectively unreasonable" belief can negate willfulness, our later cases have made it clear that this is not so. Thus, the district court did not err in instructing the jury that an "objectively reasonable" good faith misunderstanding of the law negates willfulness.

### 2. Reinstruction of the Jury

Cheek next argues that the district court erred in reinstructing the jury, particularly where this reinstruction was not solicited by it. He raises numerous challenges to this reinstruction, and we address these challenges in turn.

In *Bollenbach v. United States*, 326 U.S. 607, 612–13, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946), the Supreme Court said, "When a jury makes explicit its difficulties, a trial judge should clear them away with concrete accuracy." Cheek contends that the district court's reinstruction of the jury violated this principle. This is because, Cheek claims, the jury's notes to the judge when it was having difficulty in reaching a verdict were not explicit about what its difficulties with the instructions at issue were. Cheek contends that in reinstructing the jury, the district court (and the government as well) merely guessed at the jury's difficulties.

■■■ We disagree. Once it is clear that a jury has difficulties concerning the original instructions, reinstruction is appropriate. *Cf. United States v. Zabic*, 745 F.2d 464, 475 (7th Cir.1984) (once questions arose among the jurors concerning the original instructions, " '[t]he trial court [had to] exercise its sound discretion in determining what type of supplementary instructions should be given to a deliberating jury that seeks clarification of the law.' ") (citation omitted). Of course, whether or not to give reinstruction at all is within the discretion of the trial court. *United States v. Castenada*, 555 F.2d 605, 611 (7th Cir.), *cert. denied*, 434 U.S. 847, 98 S.Ct. 152, 54 L.Ed.2d 113 (1977); *United States v. Braverman*, 522 F.2d 218, 224 (7th Cir.), *cert. denied*, 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 302 (1975). The character and extent of supplementary instructions, moreover, rests within the sound discretion of the trial court. *United States v. Keck*, 773 F.2d 759, 768 (7th Cir.1985); *accord Zabic*, 745 F.2d at 475 (quoting *Davis v. Greer*, 675 F.2d 141, 145 (7th Cir.), *cert.*

*denied*, 459 U.S. 975, 103 S.Ct. 310, 74 L.Ed.2d 289 (1982)); *Castenada*, 555 F.2d at 611; *Braverman*, 522 F.2d at 224. In *United States v. Franco*, 874 F.2d 1136 (7th Cir.1989), we set forth the factors upon which we focus in reviewing supplemental jury instructions. These are: whether the instructions as a whole fairly and adequately treat the issues, whether the instructions are a correct statement of the law, and whether the district court answered the jury's questions specifically. *Id.* at 1143 (citations omitted).

■■■ In this case, the district court did not abuse its discretion in deciding to reinstruct the jury on two occasions. It is apparent, contrary to Cheek's assertions, what the difficulties of the jury were. The jury clearly was focusing on the conflict between Jury Instruction No. 32 (an objectively reasonable good faith misunderstanding of the law negates willfulness) and Jury Instruction No. 53 (Cheek's theory of defense instruction, containing his beliefs). Jury Instruction No. 32 was incomplete without mentioning that beliefs that the tax laws are unconstitutional and that wages are not income, and disagreement with the government's tax collection systems and policies, do not constitute good faith misunderstandings of the law. Under *Bollenbach*, Judge Plunkett's reinstructions responded directly to the difficulties of the jury as set out by them, by providing more explicit instructions as to what constituted an objectively reasonable good faith misunderstanding of the law. None of these supplemental instructions, moreover, misstated the law in this circuit. As discussed above, a good faith misunderstanding of the law must be objectively reasonable. Moreover, the beliefs that wages are not income and that the tax laws are unconstitutional are not objectively reasonable as a matter of law. *Buckner*, 830 F.2d at 103–04; *United States v. Latham*, 754 F.2d 747, 750–51 (7th Cir.1985); *Moore*, 627 F.2d at 833.[2]

---

**2.** For the record, we note that the following beliefs, which are stock arguments of the tax protester movement, have not been, nor ever will be, considered "objectively reasonable" in this circuit:

The original instructions in this case were incomplete and misleading, but the addition of the supplemental instructions gave the jury a correct statement of the law in this circuit. As in *Zabic*, once the jurors raised questions, the trial judge properly exercised his discretion by providing the jurors with an accurate, specific, statement of the controlling law. 745 F.2d at 475. As we discuss below, no defendant is entitled to an instruction that incorrectly states the law.[3]

■ The fact that the district court's second reinstruction of the jury was not specifically solicited by it, moreover, does not constitute reversible error in this case. As discussed above, the reinstruction of the jury had the desired effect of resolving the jury's difficulties with the original, unclear instructions. *Cf. United States v. Cheramie*, 520 F.2d 325, 332–33 (5th Cir.1975).

Cheek also argues that the district court's reinstruction of the jury violated Rule 30 of the Federal Rules of Criminal Procedure. This rule provided at that time,[4] in part:

At the close of the evidence or at such earlier time as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to all parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.

■ Technical violations of Rule 30, assuming that one occurred here, require reversal only where the defendant can show actual prejudice. *United States v. Baker*, 722 F.2d 343, 346 (7th Cir.1983), *cert. denied*, 465 U.S. 1037, 104 S.Ct. 1312, 79 L.Ed.2d 709 (1984). Cheek presents three reasons why he was prejudiced by the district court's reinstruction of the jury under Rule 30. We reject all of these reasons.

■ First, Cheek argues that the reinstruction had the effect of changing the "law of the case" to a direction that his beliefs did not constitute a defense. We find this argument to be without merit. First, as noted above, the district court's reinstruction of the jury corrected its earlier, confusing and unclear instructions. A defendant is not entitled to have the jury instructed incorrectly on the law. *Cf. Baker*, 722 F.2d at 347 (defendant was not unfairly prejudiced under Rule 30 by the trial judge's decision to correct an incorrect instruction; defendant was never entitled to an instruction referring only to embezzlement). Moreover, we note with approval the words of the Fifth Circuit in *Cheramie*:

(1) the belief that the sixteenth amendment to the constitution was improperly ratified and therefore never came into being;
(2) the belief that the sixteenth amendment is unconstitutional generally;
(3) the belief that the income tax violates the takings clause of the fifth amendment;
(4) the belief that the tax laws are unconstitutional;
(5) the belief that wages are not income and therefore are not subject to federal income tax laws;
(6) the belief that filing a tax return violates the privilege against self-incrimination; and
(7) the belief that Federal Reserve Notes do not constitute cash or income.

*Miller v. United States*, 868 F.2d 236, 239–41 (7th Cir.1989); *Buckner*, 830 F.2d at 102; *United States v. Dube*, 820 F.2d 886, 891 (7th Cir.1987); *Coleman v. Comm'r*, 791 F.2d 68, 70–71 (7th Cir.1986); *Moore*, 627 F.2d at 833. We have no doubt that this list will increase with time.

We also reject another absurd argument of Cheek's, made under the rubric of "subject matter jurisdiction," that he is not a "fourteenth amendment citizen," but rather a white male Christian with inherent and inalienable rights as defined in Article 1, Section 1 of the Illinois Constitution, and thus the federal government cannot tax his wages directly for the privilege of citizenship. This argument has no merit whatsoever. *Cf. United States v. Studley*, 783 F.2d 934, 937 (9th Cir.1986) (rejecting the argument that taxpayer was an "absolute, free-born and natural individual," and therefore not subject to the tax laws).

**3.** We believe that one could conclude, erroneously, from reading the theory of defense instruction given in this case, that Cheek's beliefs could be legally correct. Therefore, we suggest that when district judges give theory of defense instructions containing any beliefs that are incorrect as a matter of law (regardless of whether these beliefs are objectively reasonable), they should inform the jury of this fact within the theory of defense instruction.

**4.** This rule was amended effective August 1, 1988.

Admittedly, these [instructions] helped guide the jury to a verdict. Yet, that assistance is the purpose of jury instructions. Moreover, these additional instructions, whose use remains within the sound discretion of the court, ... correctly, and without prejudice to the defendant, reflected the state of the law.

520 F.2d at 332 (citations omitted).

Second, Cheek argues that the district court's reinstruction of the jury in violation of Rule 30 prejudiced him because he was unable to readdress the jury to explain his defense in light of the new instruction. As the government points out, however, Cheek's closing argument did not rely on any statements of law in the original jury instructions which might have been qualified by the supplemental instructions. Thus, Cheek was not prejudiced in this manner. *Baker*, 722 F.2d at 346.

Finally, Cheek argues that the reinstruction misstated his theory of defense and then directed the jury that this theory was not acceptable. We disagree with Cheek, as a preliminary matter, that the district court's reinstruction of the jury misstated his defense. The district court's original instruction to the jury on Cheek's theory of defense, Jury Instruction No. 53, was drafted by the court for Cheek and not rejected by him. This theory of defense instruction indicated, among other things, that Cheek's theory was that he "acted at all times in good faith—that is, that he honestly and reasonably believed that he was not required to file tax returns," that Cheek had "been attempting to test the constitutionality of the income tax laws," and that "Cheek [contended] that his wages from ... American Airlines ... do not constitute income under the Internal Revenue Service laws." Moreover, as discussed above, the reinstruction properly corrected the earlier, misleading, instruction. Thus, we do not think that Cheek was prejudiced in this regard by the reinstruction.

### B. *Cheek's Other Contentions*

As noted above, Cheek raises a number of other challenges to his conviction. These challenges all are without merit, and hence do not require discussion. *Buckner*, 830 F.2d at 104. Nonetheless, we address a few of them briefly.

First, the district court clearly had jurisdiction of this case under 18 U.S.C. § 3231, which provides that the federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States." Sections 7201 through 7210 of Title 26 of the United States Code, as well as 18 U.S.C. § 287, are offenses against the laws of the United States. This court previously rejected any arguments to the contrary (with respect to Sections 7201–10, but this is equally applicable to 18 U.S.C. § 287 as well) in *United States v. Koliboski*, 732 F.2d 1328, 1329–30 (7th Cir.1984). Other circuits too numerous to mention also have rejected this argument.

Second, Cheek argues that he was denied his right to counsel under the sixth amendment to the Constitution because he "could not find trial counsel with expertise on the Constitution and the Internal Revenue Code," and because his "friends were only allowed to act as helpers during certain stages of the trial." This argument is without merit. In *United States v. Thibodeaux*, 758 F.2d 199, 201 (7th Cir.1985), this court specifically held that "[t]here is no constitutional right ... to representation by nonlawyers or laymen." *Id.* at 201. In this case, the district court was even more generous than it need have been, for it permitted Cheek to have his friends sit with him at counsel table. In *Thibodeaux*, we noted that district courts need not permit this practice. *Id.*

Moreover, the district judge only insisted on proceeding without Cheek being represented by counsel after he had granted Cheek numerous continuances in order that he could find counsel. The court also suggested that Cheek consult with friends about attorneys, and even mentioned to Cheek the name of an attorney who had tried a tax protester case before the court (Tr. March 30, 1987 at 5; Tr. May 19, 1987 at 7). This case also is similar to *Thibodeaux* in this respect. In that case, we held that the right to counsel may be

 

waived if one able to afford counsel does not retain an attorney within a reasonable period of time. *Id.* Thus, we do not find that Cheek was denied effective assistance of counsel.

 Third, we reject Cheek's argument that the government's evidence was insufficient as to his intent to violate the law. Cheek argues that the jury note which said that Cheek "truly does not believe that he is breaking the law" contradicts and negates the jury verdict of guilty. We reject this argument out of hand. Federal Rule of Evidence 606(b) provides that jurors may neither testify about nor provide affidavits concerning their mental processes. This court previously has interpreted this rule to mean that counsel may not, in most instances, offer the mental processes of jurors to impeach verdicts. *United States v. Sblendorio,* 830 F.2d 1382, 1389–90 (7th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1034, 98 L.Ed.2d 998 (1988) *and cases cited therein* ("A court will not inquire into the jury's deliberative process in the absence of a claim of external influence"); *United States v. Schwartz,* 787 F.2d 257, 261–62 (7th Cir.1986) (jurors may only testify about "extraneous prejudicial information" or any "outside influence").[5]

Finally, we find that Cheek's numerous evidentiary objections are without merit. Even if the district court committed any error with respect to the admission of evidence, this error was harmless because of the overwhelming evidence of Cheek's guilt. *Cf. United States v. Manganellis,* 864 F.2d 528, 539 (7th Cir.1988) ("An error is harmless if the other untainted incriminating evidence is overwhelming"). Likewise, even if the district court erroneously refused to admit certain items of Cheek's proffered evidence, or improperly refused to let evidence which was admitted, but mislaid and not located until the jury began deliberating, go back to the jury, this was harmless error. This is not a case where the complained-of exclusion of evidence had a substantial effect on the jury's verdict by precluding Cheek from presenting his defense. *Cf. United States v. Peak,* 856 F.2d 825, 834–35 (7th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 499, 102 L.Ed.2d 535 (1988).

### III. Conclusion

We conclude that the district court correctly instructed the jury that only an "objectively reasonable" good faith misunderstanding of the law negates willfulness. Moreover, the district court did not err in reinstructing the jury. Finally, this court had subject matter jurisdiction, Cheek was not denied effective assistance of counsel, the jury's notes did not "negate" its verdict of guilty, and Cheek's evidentiary objections are without merit.

AFFIRMED.

---

5. Even if this were not so, the poll of the jury both before and after these notes were read indicates that their verdict truly was unanimous. The jury's notes, if anything, indicated that they were dissatisfied with the law, but that they nonetheless followed it as instructed. One of these notes even stated that any additional "opinions" were "not meant to affect in any way their verdict of guilty."