UNITED STATES of America, Plaintiff–Appellee,

v.

John L. CHEEK, Defendant–Appellant.

No. 88–1582.

United States Court of Appeals, Seventh Circuit.

May 7, 1991.

Anton R. Valukas, U.S. Atty., Kristina M.L. Anderson, David J. Stetler, Asst. U.S. Attys., James R. Ferguson, Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Myron M. Cherry, William R. Coulson, Susan M. Keegan, Cherry & Flynn, Cynthia Giacchetti, Chicago, Ill., for defendant-appellant.

Before COFFEY, MANION, and KANNE, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

KANNE, Circuit Judge.

John L. Cheek was charged with three counts of willfully attempting to evade payment of income taxes in violation of 26 U.S.C. § 7201, and six counts of willfully failing to file federal income tax returns in violation of 26 U.S.C. § 7203. At trial, the district court followed longstanding Seventh Circuit precedent, *see e.g., United States v. Moore*, 627 F.2d 830, 833 (7th Cir.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981), and instructed the jury that only an objectively reasonable misunderstanding of the law negates the statutory requirement of willfulness. The jury subsequently convicted Cheek on all counts. On appeal, we adhered to our "objectively reasonable" standard and affirmed Cheek's convictions. 882 F.2d 1263 (7th Cir.1989).

The Supreme Court reversed our decision in *Cheek v. United States*, —— U.S. ——, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). Reaffirming that "the standard for the statutory willfulness requirement is the 'voluntary, intentional violation of a known legal duty,'" *id.* 111 S.Ct. at 610 (*citing United States v. Pomponio*, 429 U.S. 10,

12, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976) (per curiam); *United States v. Bishop*, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973)), the Court held that a good faith misunderstanding of the law or a good faith belief that one is not violating the law negates willfulness, even if the claimed misunderstanding or belief is not objectively reasonable. *Id.* 111 S.Ct. at 610–12. But, the majority noted the difference between challenges to the constitutionality of the tax code and misunderstandings resulting from the complexity of the statutory scheme, and held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness." *Id.* at 612–13. The Court then returned the case to us for proceedings consistent with its opinion. *Id.* at 613. We now remand Cheek's case to the district court for a new trial.

### I.

At his original trial, Cheek's primary argument to the jury was that he sincerely believed the tax code to be unconstitutional. Because he thought his actions were lawful, he argued that his failure to comply with the law's requirements was not willful and that he therefore lacked the mental state necessary for conviction. Although the district court's initial instructions did not clearly remove this issue from the jury's consideration, its later instructions plainly stated that a defendant's erroneous belief that the tax laws were unconstitutional did not constitute a defense to charges of tax evasion.[1] *Cheek* conclusively prohibits the use of this argument as a legal defense to charges of tax evasion. *Id.* at 612–13. "[A] defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness, need not be heard by the jury, and if they are, an instruction to disregard them would be proper." *Id.* at 613; *see also United States v. Dunkel*, 927 F.2d 955, 955 (7th Cir.1991) ("district judges may rebuff defenses based on erroneous constitutional

---

1. In its first supplemental instruction the court stated: "[A] person's opinion that the tax laws violate his constitutional rights does not constitute a good faith misunderstanding of the law." A later reinstruction provided that "advice or research resulting in a conclusion that ... the tax laws are unconstitutional ... cannot serve as the basis for a good faith misunderstanding of the law defense."

beliefs (such as that the 16th Amendment was not properly ratified)"). The district court's instructions on this issue were therefore not erroneous.

■ So, even after *Cheek*, most of our list of objectively unreasonable defenses, *see Cheek*, 882 F.2d at 1268–69 n. 2 (refusing to let jury consider arguments that the sixteenth amendment to the constitution was improperly ratified and therefore never came into being, that the sixteenth amendment is unconstitutional generally, that the income tax violates the takings clause of the fifth amendment, and that the tax laws are unconstitutional), continues to provide no protection for tax protestors seeking to avoid the payment of their income taxes—although not because these defenses are objectively unreasonable. Rather, arguments concerning the unconstitutionality of the tax laws are prohibited because they represent a defendant's full knowledge of the provisions of the law (unlike claims of mistaken belief or misunderstanding which can be caused by the complexity of the Internal Revenue Code) and are therefore irrelevant to the issue of willfulness. *See Cheek*, 111 S.Ct. at 612–13. Moreover, the Supreme Court made clear that a criminal prosecution for tax evasion is not the proper forum for a defendant to challenge the validity of the tax laws since Congress has provided other methods to present those claims. *Id.* at 613. (Cheek "was free to pay the tax that the law purported to require, file for a refund and, if denied, present his claims of invalidity, constitutional or otherwise, to the courts" or "without paying the tax, he could have challenged the claims of tax deficiencies in the Tax Court."). Accordingly, at Cheek's new trial, the jury need not consider Cheek's challenges to the validity of the tax laws.

■ Cheek, however, also maintained that he neither knew nor understood the law concerning his obligations to file income tax returns and to pay taxes. Over Cheek's objections, the district court instructed the jury that Cheek's mistaken beliefs as to the law constituted a valid defense only if they were objectively reasonable.[2] Here, the district court's instructions "removed from the jury's purview one of the elements of the offense," *United States v. Dunkel, supra* at 956, and therefore constituted error. *Cheek*, 111 S.Ct. at 611–12 ("[I]t was error for the court to instruct the jury that petitioner's [Cheek's] asserted beliefs that wages are not income and that he was not a taxpayer within the meaning of the Internal Revenue Code should not be considered by the jury in determining whether Cheek had acted willfully.").

■ Thus, *Cheek* dictates that a defendant is free to "argue that [his] mistaken interpretations of the tax laws (such as that wages are not income) defeat the mental state necessary to the offense." *Dunkel, supra.* "[I]f the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable," the government has not met its burden of proof. *Cheek*, 111 S.Ct. at 611. Accordingly, at Cheek's retrial the government must prove "that the defendant was aware of the duty at issue [his duty to file tax returns and to pay income taxes]." *Id.* In reaching its verdict at Cheek's new trial, the jury must be permitted to consider evidence concerning "Cheek's understanding that, within the meaning of the tax laws, he was not a person required to file a return or to pay income taxes and that wages are not taxable income"—no matter how incredible or unreasonable those beliefs might be. *Id.*

Tax evaders who persist in their frivolous beliefs (such as that wages are not income or that Federal Reserve Notes do

---

**2.** Jury Instruction No. 23 read: "An objectively reasonable good faith misunderstanding of the law negates willfulness. An objectively reasonable good faith misreading of the law may be based upon the defendant's own legal research or an attorney's advice. Good faith reliance.... requires that the defendant honestly and reasonably believe his research or the advice, and believe that it is correct and relies upon it."

The court's supplemental instructions to the jury stated that "an honest but unreasonable belief is not a defense and does not negate willfulness" and that "advice or research resulting in a conclusion that wages of a privately employed person are not income ... is not objectively reasonable and cannot serve as the basis for a good faith misunderstanding of the law defense."

not constitute cash or income) should not be encouraged by the Court's decision in *Cheek* or our decision today. While a defendant is now permitted to argue that his failure to file tax returns and to pay his income taxes was the result of his incredible misunderstanding of the tax law's applicability, the government remains free to present evidence demonstrating that he knew what the law required but simply chose to disregard those duties. *See id.* (noting possible evidence government can utilize to demonstrate Cheek's awareness of his legal duties). And, as the Court noted, "the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge." *Id.* at 611–12.

## II.

For the foregoing reasons, the judgment is reversed, and the case is remanded for retrial.