116 F.3d 1482
 79 A.F.T.R.2d 97-3110, 84 USTC P 50,495,
97-2 USTC P 50,495
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Craig A. BRATCHER, Petitionner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-3877.
 United States Court of Appeals, Seventh Circuit.
 June 5, 1997.*
 
 Appeal from the United States Tax Court, No. 20553-95; Howard A. Dawson, Jr., Judge.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Craig Bratcher, a resident of Indiana, did not pay any federal income taxes nor did he file tax returns for 1991, 1992 or 1993, although he earned taxable income from within the United States during those years.[1] In July 1994, Bratcher filed "amended" tax returns (Form 1040X) for 1991 and 1992. He reported income for those years of $56,151 and $34,726, respectively, but then deducted those amounts as "income from 'without U.S.," ' so that his reported taxable income was $0 for both years.
 
 
 2
 In June 1995, the IRS sent Bratcher a notice of income tax deficiency. The notice was based on Bratcher's "amended" tax returns as well as W-2 and 1099 Forms from Bratcher's employers. Based on that information, the IRS determined that Bratcher had taxable income of $56,151 in 1991, $41,506 in 1992, and $25,541 in 1993. The notice charged Bratcher with tax deficiencies and penalties totaling approximately $43,741.[2]
 
 
 3
 Bratcher challenged the notice of tax deficiency in the Tax Court. His petition (later amended twice) was premised upon a number of universally rejected arguments: that absent a tax return filed by the petitioner there can be no tax deficiency; that the fifty states are excluded from the definition of "United States" for the purpose of federal income taxes; that he is not a citizen of the United States; and that his income was not taxable because it was compensation for labor or personal services performed "without the United States." The IRS moved to dismiss the petition for failure to state a claim upon which relief could be granted.
 
 
 4
 The Tax Court granted the motion to dismiss, noting that Bratcher's petition and its amendments contained "neither assignment[s] of error nor allegation[s] of fact in support of any justiciable claim. Rather there is nothing but tax protester rhetoric and legalistic gibberish...." The Tax Court rejected Bratcher's allegation that the IRS's deficiency determinations were not based on any factual evidence. Instead, the court found that the determinations were adequately based upon Bratcher's own submissions in his 1040X Forms and upon the W-2 and 1099 Forms supplied by Bratcher's employers, especially in light of the fact that Bratcher never actually denied receiving the income attributed to him. Finally, the Tax Court imposed a $2,500 sanction on Bratcher for filing a frivolous petition. This appeal followed.
 
 
 5
 On appeal, Bratcher raises a number of arguments, all of which are meritless. Bratcher first contends that the notice of deficiency sent to him was invalid because the IRS failed to exhaust the administrative remedies available to it before issuing the notice. According to Bratcher, the authority to summon documents pursuant to 26 U.S.C. § 7602 constitutes an "administrative remedy." Because the IRS did not summon any documents in this case, Bratcher contends that the IRS has failed to exhaust its available administrative remedies. Accordingly, Bratcher concludes that the notice of deficiency was invalid under the exhaustion requirement of the Administrative Procedure Act ("APA"), 5 U.S.C. § 704.
 
 
 6
 The APA is irrelevant, however, because the IRS's issuance of a notice of tax deficiency and the Tax Court's review of it are governed by the Internal Revenue Code and the rules and procedures of the Tax Court, see 26 U.S.C. §§ 6212-14, 7442, 7453, and not by the APA. Although the tax code permits the IRS to summon documents, see 26 U.S.C. §§ 7602, 7609, nowhere does the tax code require the IRS to summon documents before determining that there is a deficiency and issuing a notice. See 26 U.S.C. § 6212(a). Accordingly, Bratcher's exhaustion argument fails.
 
 
 7
 Bratcher next contends that the IRS's determination of his deficiency is nothing more than a "naked assertion" and that the IRS's motion to dismiss his petition challenging the notice was therefore without merit. Bratcher's central claim here is that the IRS improperly relied on his employers' W-2 and 1099 Forms-which he labels "unsubstantiated and unreliable third party documents"-in determining his deficiency. However,
 
 
 8
 [i]t has long been established in this Circuit that the Commissioner's tax deficiency assessments are entitled to the presumption of correctness. This presumption imposes upon the taxpayer the burden of proving that the assessment is erroneous.... [T]o rebut the presumption of correctness and shift the burden to the Commissioner, the taxpayer must demonstrate that the Commissioner's deficiency assessment lacks a rational foundation or is arbitrary and excessive.
 
 
 9
 Pittman v. Commissioner, 100 F.3d 1308, 1313 (7th Cir.1996) (citation and internal quotation marks omitted).
 
 
 10
 It is important to keep in mind here the posture of this case. The Tax Court dismissed Bratcher's petition for failure to state a claim; we review that legal determination de novo. Id. at 1312. In this case, the IRS determined Bratcher's deficiency based not only upon the W-2 and 1099 Forms submitted by Bratcher's employers, but also upon Bratcher's own reports of his income in his 1040X forms. Accordingly, the deficiency assessment neither lacked a rational foundation nor was it arbitrary and excessive. The assessment therefore retained the presumption of correctness, and Bratcher had the burden of proving it erroneous. Bratcher's standard tax protester arguments-rejected many times by this court[3]--failed to state a justiciable claim challenging the deficiency assessment. Accordingly, the Tax Court correctly dismissed his petition.[4] Moreover, in light of the frivolity of Bratcher's arguments, we find no abuse of discretion by the Tax Court in imposing a $2,500 sanction upon him. Granado v. Commissioner, 792 F.2d 91, 94 (7th Cir.1986), cert. denied, 480 U.S. 920 (1987).
 
 
 11
 Finally, we deem this appeal to be frivolous. Accordingly, we believe that an additional $2,000 sanction may be warranted. See Cohn v. Commissioner, 101 F.3d 486 (1996) (per curiam). We therefore direct Bratcher to show cause why he should not be sanctioned for filing this appeal. Fed. R.App. P. 38; Cir. R. 38. Bratcher has 14 days to file a response.
 
 
 12
 AFFIRMED; ORDER TO SHOW CAUSE ISSUED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Bratcher has argued throughout this case that his earnings were not taxable because they were not earned in the District of Columbia or any other federal territory or enclave, and therefore were not earned "within the United States." We have rejected this argument numerous times before, see, e.g., United States v. Sloan, 939 F.2d 499, 501 (7th Cir.1991), cert. denied, 502 U.S. 1060 (1992), and do so again here
 
 
 [2]
 The IRS subsequently amended the notice of deficiency to charge Bratcher with total tax deficiencies and penalties of approximately $39,291
 
 
 [3]
 See, e.g., United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir.1993); Sloan, 939 F.2d at 501; United States v. Buckner, 830 F.2d 102, 103 (7th Cir.1987); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir.1986)
 
 
 [4]
 Because we have already found the IRS's determination in this case to be based on an adequate factual foundation, we further reject Bratcher's remaining argument: that the IRS denied him due process by failing to produce a sufficient "record" (as he defines it) to support its deficiency assessment