**UNITED STATES of America, Plaintiff,**

v.

**Charles R. ROBINSON, IV, Defendant.**

**No. 97–30025.**

United States District Court, C.D. Illinois.

Feb. 12, 2003.

Gregory M. Gilmore, Office of U.S. Attorney, Springfield, IL, for Plaintiff.

Charles R. Robinson, IV, Pro Se, Greenville, IL, for Defendant.

## OPINION

RICHARD MILLS, District Judge.

Defendant is serving 100 years for drug offenses.

He wants certain information on the jurors who sat on the *grand jury* which

indicted him and the *petit jury* which convicted him.

However, it is too late for Defendant to move for the records pursuant to 28 U.S.C. § 1867.

And, he must physically come to the courthouse to inspect the records pursuant to 28 U.S.C. § 1868.

Accordingly, Defendant's motion is denied.

## I. BACKGROUND

On December 4, 1997, a jury found Robinson guilty of two counts of possession with intent to distribute cocaine base ("crack") and of one count of distribution of cocaine base ("crack") in violation of 21 U.S.C. § 841. Accordingly, the Court sentenced Defendant to 100 years of imprisonment for his convictions.

Although the United States Court of Appeals for the Seventh Circuit affirmed Defendant's convictions, that court vacated his sentence and remanded his case back to this Court for re-sentencing. *United States v. Robinson*, 164 F.3d 1068 (7th Cir.1999). Specifically, the Seventh Circuit remanded this case for "a new and more critical look at Robinson's relevant conduct...." *Id.* at 1071.

On remand, this Court again sentenced Defendant to 100 years of imprisonment for his convictions. *United States v. Robinson*, 76 F.Supp.2d 941 (C.D.Ill.1999). In so doing, "[t]he Court found that Robinson had dealt with at least 500 grams of crack cocaine. The Court based this conclusion upon the testimony of the witnesses who testified at trial, the law enforcement reports which were presented to the Court at the first sentencing hearing, and the testimony at the re-sentencing hearing...." *Id.* at 945 (footnote omitted). Thereafter, the Seventh Circuit affirmed this Court's re-imposition of Defendant's 100 year sentence. *United States v. Robinson*, 2000 WL 689182 (7th Cir. May 16, 2000).

Finally, although the United States Supreme Court remanded Defendant's case to the Seventh Circuit for further consideration in light of the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Robinson v. United States*, 531 U.S. 1005, 121 S.Ct. 559, 148 L.Ed.2d 479 (2000), the Seventh Circuit, upon remand, held that Defendant was not entitled to a new sentencing hearing-despite the *Apprendi* violation-given the overwhelming evidence establishing the drug quantities which supported his enhanced sentence. *United States v. Robinson*, 250 F.3d 527 (7th Cir.2001).

On September 25, 2000, Defendant, acting *pro se*, filed a pleading entitled, "Motion for Jury Selection." Therein, Defendant asked the Court to provide him with "the jury (grand and petit) selection, process, and census of the registered voters for the Central District of Illinois." Defendant asserted that he was entitled to this information pursuant to 28 U.S.C. § 1861. In addition, Defendant claimed that he needed this information in order to file a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 because both the grand jury which indicted him and the petit jury which convicted him were not chosen under due process of law.

On September 29, 2000, the Court denied Defendant's motion for three reasons. *First*, the Court noted that 28 U.S.C. § 1861 did not provide Defendant with the authority for his request as that statute says nothing about a district court's duty to furnish jury lists to a litigant upon that litigant's request. *Second*, the Court found that, to the extent that Defendant was requesting copies of jury questionnaires, etc., he had neither sought nor

been allowed to proceed *in forma pauperis*, that his motion did not comply with the requirements of 28 U.S.C. § 1915, and thus, that he was not entitled to copies of the jury lists without prepayment of costs. Because Defendant had not paid that requisite fees for copying material from the clerk's office, the Court denied his motion.

*Third*, the Court explained that Defendant did not need the jury material which he sought in order to file a § 2255 petition because Rule 2(b) of the Rules Governing § 2255 Proceedings requires only that the facts in support of a claim for relief be set forth in summary form; detailed citation to the record is not required. Accordingly, the Court advised Defendant that, if he believed that additional material were necessary after he had filed his § 2255 petition, he could file an appropriate motion with the Court at that time, but for now, the Court was denying his motion. Rule 6(a) of the Rules Governing § 2255 Proceedings.

Defendant has now filed the instant motion again seeking information on the selection of his grand and petit juries. Specifically, Defendant asks the Court: (1) to provide him with the method in which jurors are selected from the counties which comprise the United States District Court for the Central District of Illinois; (2) to provide him with a list of the jury pool (both petit and grand juries) for the year 1997 and to identify the race of the jurors who were selected; (3) to specify the procedures to be followed by the clerk or the jury commissioner in assigning persons whose names have been drawn from the qualified jury wheel to both grand and petit juries; (4) to provide him with a list of actual voters in the counties which comprise the jury pool for the Central District of Illinois; (5) to provide him with the actual number of jurors and their race which served during his trial; and (6) to provide him with the names and race of the people selected from the master jury wheel who were determined to be qualified as jurors. Defendant contends that 28 U.S.C. § 1867(f) and 28 U.S.C. § 1868 entitle him to this information and that he needs this information in order to file a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

Title 28 U.S.C. § 1867(f) provides in relevant part:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.

*Id.* Although Defendant is a party to this case and although he has represented to the Court that he is preparing a motion which will include a challenge to his jury composition, Defendant has not filed this motion pursuant to subsection (a), (b), or (c) of § 1867. The only subsection applicable to Defendant is subsection (a).[1] Title 28 U.S.C. § 1867(a) provides:

---

1. Title 28 U.S.C. § 1867(b) confers upon the Attorney General of the United States the right to challenge compliance with jury selection procedures, and § 1867(c) governs jury selection procedure challenges in civil cases.

In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

*Id.*

█ Thus, it is clear that Defendant's motion is untimely. Defendant's trial concluded in 1999, and the Supreme Court denied his petition for a writ of certiorari in 2001. At no time prior to his last two motions did Defendant lodge any objection to the jury selection procedures employed by the Court, and now the time period within which he had to make such a challenge pursuant to 28 U.S.C. § 1867(f) has long since past. *See United States v. Stone*, 1993 WL 246047, * 3 (E.D.Pa. June 30, 1993)(noting that "[a] motion challenging the jury selection system (under the United States Constitution and under the Jury Act) is a pre-trial motion subject to the time limits of Federal Rule of Criminal Procedure 12."); *see also United States v. Buckner*, 830 F.2d 102, 104 (7th Cir.1987)(holding that although a defendant had a statutory right to data sufficient to assess the composition of the panel, § 1867(f) does not automatically permit disclosure of other jury information absent a sworn statement of facts which, if true, would constitute a substantial failure to comply with the Act); *see also United States v. Davenport*, 824 F.2d 1511, 1513–15 (7th Cir.1987)(same).

█ Nevertheless, Defendant does have a statutory right to inspect certain records and papers compiled and maintained by the clerk of the court on jurors. Title 28 U.S.C. § 1868 provides:

After the master jury wheel is emptied and refilled pursuant to section 1863(b)(4) of this title, and after all persons selected to serve as jurors before the master wheel was emptied have completed such service, all records and papers compiled and maintained by the jury commission or clerk before the master wheel was emptied shall be preserved in the custody of the clerk for four years or for such longer period as may be ordered by a court, and shall be available for public inspection for the purpose of determining the validity of the selection of any jury.

*Id.* Therefore, Defendant, as a member of the general public, has the right to inspect the jury material in the clerk of the court's possession for the purpose of determining the validity of the selection of his grand and petit juries. *Id.*

Although Defendant theoretically possesses this right, practically, he has two hurdles to overcome. *First,* Defendant still has neither sought nor been allowed to proceed *in forma pauperis.* Thus, Defendant must pay the $.50 per page copying fee for any document of which he would like to receive a copy. Because Defendant has not paid the copying costs of the material he wishes to receive, the clerk of the court will not forward to Defendant the material which he has requested.

*Second,* and more importantly, even if Defendant had been allowed to proceed *in forma pauperis* on some matter pending before the Court[2] and/or even if he had paid the requisite copying fees, the Court would still not direct the clerk's office to provide Defendant with the documents

---

**2.** Remember, Defendant has not yet filed his § 2255 petition, nor does he have any other case pending before the Court.

which he seeks. Although § 1868 allows the general public to inspect certain records which the Court maintains on its jurors and potential jurors, the statute is silent as to the mechanism for the public's inspection. In this district, the Court has concluded that, although the general public may inspect juror records, no one will be allowed to copy any document or remove any document from the premises. Accordingly, in order for Defendant to inspect the juror material which the clerk of the court possesses, either he or his representative must come to the courthouse and inspect the records in the clerk's office.[3]

*Ergo*, Defendant's Petition for the Jury Selection of the Central District is DENIED.

---

3. Obviously, because Defendant is serving a 100 year sentence, he cannot personally visit the courthouse to make such an inspection. However, the Court has been informed by the clerk's office that Defendant's mother has attempted to make such an inspection on his behalf. Should Defendant's mother appear in the future in an attempt to inspect the jury records which are still maintained in the clerk's office, the clerk of the court will make the records available to her pursuant to the district's policies and procedures and pursuant to 28 U.S.C. § 1868.