# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10496
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JUAN MONTELONGO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-45

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jose Juan Montelongo, federal prisoner # 43986-177, was convicted by a jury in May 2012 of conspiracy and distribution and possession with intent to distribute a controlled substance. His conviction was affirmed on direct appeal in September 2013. In March 2014, Montelongo moved pursuant to 28 U.S.C. §§ 1867 and 1868 to inspect grand and petit jury selection records. The district court denied the motion, and Montelongo now appeals.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10496

According to Montelongo, § 1867(f) and § 1868 afford him the right to inspect the jury selection records, and the district court thus erred in denying his motion.  He contends that he must inspect those records to determine whether he can find support for a potential claim that trial counsel rendered ineffective assistance in failing to move to dismiss his indictment because the grand jury was biased or prejudiced.  According to Montelongo, Mexicans were not fairly represented in his jury pool.

The court affirms the district court's denial of Montelongo's motion under § 1867(f) because it was filed almost six months after Montelongo's conviction was affirmed on direct appeal.  *See United States v. Hawkins*, 566 F.2d 1006, 1013–14 (5th Cir. 1978).  The relief Montelongo seeks is not appropriately brought in a posttrial motion.  *See id.* at 1013-14 & n.13.  Moreover, § 1867 will not serve "as a 'fishing expedition' . . . to uncover possible grounds for additional claims.'"  *United States v. Bearden*, 659 F.2d 590, 597 (5th Cir. 1981).

The court also affirms the district court's denial of Montelongo's motion under § 1868.  Montelongo moved the court for *copies* of jury records and papers.  *See* R. 314 (stating that Montelongo "[sought] to inspect a copy of the master jury selection wheel and records").  The district court explained that while defendant had a right to inspect jury records and papers under § 1868, the statute "includes no provision for copying those materials."  Thus the court held that "[u]nless defendant is able physically to appear at the place where the records and papers are maintained in order to inspect them, section 1868 affords him no relief."  The district court's order was correct because § 1868 merely requires a court clerk to make jury records and papers available to the public and does not impose a duty on the court, a court clerk, or any other public official to copy and distribute such documents.  *See* 28 U.S.C. § 1868; *cf.*

2

No. 14-10496

*id.* § 1867(f) (providing that parties filing specified motion "shall be allowed to inspect, reproduce, and copy [jury] records or papers").

In his motion for reconsideration, Montelongo asked the court under § 1868 to permit a family member to inspect the jury records and papers or to pay for copies. The court denied Montelongo's motion without specifically addressing this request. The court did not err in denying the motion for reconsideration because Montelongo's representatives, as members of the "public," do not need a court order to inspect jury records and papers so long as they do so "for the purpose of determining the validity of the selection of any jury." 28 U.S.C. § 1868.

In the event a court clerk denies a request by Montelongo's family member to inspect jury records and papers for the purpose specified in § 1868, this opinion does not prevent that family member from petitioning the district court to inspect the records under § 1868. *See United States v. Robinson*, 243 F. Supp. 2d 868, 872 & n. 3 (C.D. Ill. 2003).

AFFIRMED.