# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-30212

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2015

Lyle W. Cayce
Clerk

JACK RAY CARR,

Plaintiff-Appellant

v.

MICHAEL L. MCCONNELL, Clerk,

Defendant-Appellee

———————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-753

———————

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jack Ray Carr, federal prisoner # 05895-095, moves this court for leave to proceed in forma pauperis (IFP) in the appeal from the denial of his petition and amended petition for a writ of mandamus and the district court's certification that the appeal was not taken in good faith. Carr sought mandamus relief as a means to obtain copies of grand jury selection records and records of the grand jury proceedings, pursuant to 28 U.S.C. § 1868.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30212

By moving to proceed IFP in this court, Carr is challenging the district court's certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 199-200 (5th Cir. 1997). This court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Carr challenges the district court's determination that he was not entitled to mandamus relief, arguing that his right to relief under § 1868 was clear. Mandamus "is an extraordinary remedy for extraordinary causes." *In re Corrugated Container Antitrust Litig. v. Mead Corp.*, 614 F.2d 958, 961-62 (5th Cir. 1980) (internal quotation marks and citation omitted). To obtain the writ, the petitioner must show "that no other adequate means exist to obtain the requested relief and that his right to the issuance of the writ is clear and indisputable." *In re: Willy*, 831 F.2d 545, 549 (5th Cir. 1987). The issuance of the writ is in the court's discretion. *See United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979).

Section 1868 provides for the maintenance and inspection of jury selection records. *See* § 1868. That statute requires that any records and papers "compiled and maintained by the jury commission or clerk before the master wheel was emptied shall be preserved in the custody of the clerk for four years . . . and shall be available for public inspection for the purpose of determining the validity of the selection of any jury." § 1868. Members of the public do not need a court order to inspect jury records, provided they do so "for the purpose of determining the validity of the selection of any jury." *United States v. Montelongo*, 582 F. App'x 404, 405-06 (5th Cir. 2014) (internal quotation marks and citation omitted). However, while § 1868 allows for inspection of jury selection records by the general public, it does not establish

any entitlement to copy or reproduce those documents.  *See* § 1868; *see also Montelongo*, 582 F. App'x at 405.

In this case, the clerk of court provided Carr with copies of 23 summonses issued to the grand jurors, despite not being obligated to do so.  Carr's communications with the clerk and his amended petition for a writ of mandamus establish that he was not seeking to challenge the grand jury selection process.  Rather, he sought information regarding how the proceedings were conducted, including identification of witnesses, transcripts of testimony, legal instructions, and the vote count.  Carr has not demonstrated that he had a clear and indisputable right to the issuance of the writ of mandamus.  *See In re: Willy*, 831 F.2d at 549.  The district court therefore did not abuse its discretion by denying his petition.  *Denson*, 603 F.2d at 1146.

In addition, Carr seeks to challenge an order, issued by the Chief Judge of the district, memorializing the decision of all of the judges and magistrate judges of the district to recuse themselves from hearing Carr's case and the subsequent assignment of the case to a judge in another district.  Carr has not shown that the judges' decisions were in any way improper.

Carr has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)."  *Howard*, 707 F.2d at 220 (internal quotation marks and citation omitted).  Accordingly, his motion for leave to proceed IFP on appeal should be denied, and his appeal should be dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.