Leslie E. WHITE, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 3:02–0417.

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 10, 2003.

Leslie E. White, Nashville, TN, Pro se.

James K. Vines, Office of the United States Attorney, Nashville, TN, Jason S. Zarin, Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM

ECHOLS, District Judge.

Before the Court are the following: (1) Defendant's Motion to Dismiss (Docket Entry No. 3), followed by (2) Defendant's Praecipe Withdrawing Defendant's Motion to Dismiss (Docket Entry No. 9); and (3) Defendants' Motion for Partial Dismissal (Docket Entry No. 11), to which Plaintiff responds in opposition. In its initial Motion to Dismiss (Docket Entry No. 3), Defendant sought dismissal of this action under Federal Rule of Civil Procedure 4(i)(1) for Plaintiff's failure to obtain summonses and serve the Complaint on the Internal Revenue Service ("IRS") and the Attorney General of the United States. Later, it was determined that Plaintiff had properly served all required parties, and Defendant filed the pending Praecipe to withdraw its prior Motion to Dismiss. Accordingly, Defendant's Motion to Dismiss (Docket Entry No. 3) shall be DEEMED WITHDRAWN. For the reasons explained below, Defendant's Motion for Partial Dismissal shall be GRANTED.

## I.

Plaintiff, Leslie E. White, was informed by the IRS that he owes personal income taxes for the 1997 tax year. In addition, the IRS has assessed a "frivolous return penalty" against Plaintiff under 26 U.S.C. § 6702. Plaintiff initiated this cause of action against the United States on April 25, 2002 under 26 U.S.C. § 6330(d)(1) requesting that this Court set aside the collection due process hearing ("CDPH") determination and seeking declaratory relief, reimbursement for costs, and punitive damages. Plaintiff contends that the IRS did not conduct a CDPH in accordance with Sections 6320 and 6330, and Treasury Regulations 301.6320–IT and 301.6330–IT. Plaintiff also contends that the frivolous return penalty imposed by the IRS was unsupported by any evidence.

## II.

It is well settled that a court's task in analyzing the sufficiency of a complaint for the purpose of a motion to dismiss is necessarily narrow and limited. The issue is not whether a claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that recovery is very remote and unlikely but this is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The standard in reviewing a motion to dismiss for lack of subject matter jurisdiction is identical to the standard in reviewing a motion to dismiss for failure to state a claim upon which relief may be granted. A court must review the complaint in the light most favorable to the non-moving party, construing all of the allegations in his or her favor. *Id.* A complaint should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that [the non-moving party]

can prove no set of facts in support of [his or her] claim which would entitle [him or her] to relief." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ Pro se litigants' complaints are to be read particularly liberally, and are to be held to a less stringent standard than those drafted by attorneys. The complaints of pro se litigants should not be dismissed unless it is apparent beyond doubt that no set of facts can be proved in support of the claim entitling the litigant to relief. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### III.

Taking the allegations in Plaintiff's Complaint as true for purposes of Defendant's Motion for Partial Dismissal, the Court finds the following facts: Plaintiff was issued a Notice of Deficiency from the IRS on June 22, 1999, for the tax year ending December 31, 1997. Plaintiff was assessed a frivolous return penalty of $500 on September 13, 1999 for filing a frivolous income tax return in 1997, pursuant to 26 U.S.C. § 6702. Plaintiff was issued a Final Notice of Intent to Levy from the IRS on June 23, 2001. Pursuant to 26 U.S.C. § 6330(b), Plaintiff filed a request for a CDPH. Prior to the CDPH, Plaintiff informed Mr. Scott Biggs, the IRS Settlement Officer who was to be present at the CDPH, that he questioned the validity of the Notice of Deficiency. Plaintiff requested by letter that Mr. Biggs bring to the CDPH a copy of his 1997 tax return and the Summary Record of Assessment, and documented proof of the basis for the income tax deficiency and frivolous return penalty.

The CDPH took place on March 5, 2002. At the hearing, IRS Settlement Officer Biggs, did not provide any of the aforementioned documentation and proof requested by Plaintiff. Mr. Biggs also was unable to inform Plaintiff as to which specific officer or employee of the IRS imposed the $500 frivolous return penalty, and whether that person was authorized to impose such penalties. Plaintiff alleges that Mr. Biggs' failure to provide the requested documentation at the CDPH violated 26 C.F.R. 301.6320–1, and that as of the filing of his Complaint Plaintiff never received a valid Notice of Deficiency as required by 26 U.S.C. § 6330(a). Following the CDPH, the IRS mailed Plaintiff a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 on March 28, 2002. The attachment to the Notice of Determination stated that the IRS deemed the levy action under Section 6330 appropriate. The letter stated that if Plaintiff wished to dispute the income tax liability determination in court, he should file a petition with the United States Tax Court within thirty days. Instead, Plaintiff filed a Complaint with this Court within the required time period.

### IV.

Defendant United States now moves to dismiss the portion of Plaintiff's Complaint concerning the CDPH and Plaintiff's 1997 income tax liability under Section 6330 for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Section 6330(d)(1) confers jurisdiction of judicial review of income tax liability on the Tax Court.

The person may, within 30 days of a determination under this section, appeal such determination—(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determina-

tion to file such appeal with the correct court.

26 U.S.C. § 6330(d)(1).

The Sixth Circuit has held that "[t]he Tax Court has jurisdiction over income tax issues and liabilities ... [t]hus, if the § 6330 proceeding involves income tax issues, the district court does not have jurisdiction to consider the case." *Diefenbaugh v. White*, No. 00–3344, 2000 WL 1679510, at *1 (6th Cir. Nov. 10, 2000). Furthermore, a procedural due process claim is also properly brought in the Tax Court. Very few courts have expressly addressed this issue, but those that have hold that the Tax Court has jurisdiction over claims involving a CDPH, and district courts do not. In one case, *Tornichio v. United States*, the plaintiff sought to assert a claim against the IRS, asserting that his procedural due process rights were violated at his CDPH. *Tornichio v. U.S.*, No. 5:02 CV 0351, 2002 WL 508325 (N.D.Ohio Mar. 18, 2002) The court held that "[d]istrict courts have no jurisdiction over civil claims challenging taxes unless litigants first pay the assessed tax and then raise these claims in a refund suit." *Tornichio* at *3 (citing 26 U.S.C. § 7421(a)). Addressing the proper jurisdiction for review of a procedural due process violation at a CDPH, one court held that "the proper jurisdiction for judicial review of a Collection Due Process Hearing is the United States Tax Court." *Johnson v. C.I.R.*, No. 99–6250–TC, 2000 WL 1041191 at *4 (D.Or. June 21, 2000).

■ Plaintiff asserts that the Tax Court does not have jurisdiction over his income tax liability claims and procedural due process claims arising from the CDPH, because Rule of Tax Court Procedure 330(b) states that "[t]he Court shall have jurisdiction of a lien or levy action under this Title when the conditions of Code Section 6320(c) or 6330(d), as applicable, have been satisfied." R. Tax Ct. P. 330(b). Plaintiff

avers that the conditions of Code Section 6330(d) have not been satisfied, because the IRS did not comply with the Internal Revenue Code and Treasury Regulations before and at the CDPH. The Court finds, however, that Section 6330(d) relates to the "proceeding after hearing," not the CDPH itself or any of the notices required prior to the CDPH. Even when taking the allegations in Plaintiff's Complaint as true, the IRS's non-compliance does not vest jurisdiction over Plaintiff's tax liability and due process claims in this Court.

■ The Court notes, however, that it does have subject matter jurisdiction over Plaintiff's challenge to the $500 frivolous return penalty assessed under section 6702. This section imposes a penalty if a person files an income tax return that "does not contain information on which the substantial correctness of the self-assessment may be judged," or appears on its face to be "substantially incorrect," which is due to the taxpayer taking a position that is "frivolous" or "desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws." 26 U.S.C. § 6702(a)(1), (2).

In a frivolous return penalty case, jurisdiction lies with the district court, rather than the tax court. "[U]nder section 6703 [the tax court] lack[s] jurisdiction to review assessments of section 6702 frivolous return penalties ...." *Van Es v. Commissioner*, 115 T.C. 324, 325, 2000 WL 1520321 (2000). A person "must bring suit in district court to determine his liability for [a section 6702] penalty." 26 U.S.C. § 6703(c)(2). *See Colton v. Gibbs*, 902 F.2d 1462 (9th Cir.1990); *Reinhart v. I.R.S.*, 2002 WL 1095351 at *4 (E.D.Cal. May 24, 2002) ("[i]n the case of a frivolous return penalty under 26 U.S.C. § 6702, the district court is the proper reviewing court."). Plaintiff has appropriately filed

his Complaint in this Court with respect to his challenge to the frivolous return penalty under section 6702.

## V.

Based on the foregoing reasons, the Court finds that it does not have subject matter jurisdiction over Plaintiff's income tax liability claims and procedural due process claims arising under 26 U.S.C. § 6330. Because the tax court has jurisdiction over these claims, they are dismissed pursuant to 28 U.S.C. § 1406. Plaintiff shall have thirty (30) days from the date of entry of this Memorandum and the accompanying Order to appeal the IRS Appeals Office determination with the Tax Court, pursuant to 26 U.S.C. § 6330(d)(1)(B).

An appropriate Order shall be entered.

### ORDER

Before the Court are the following: (1) Defendant's Motion to Dismiss (Docket Entry No. 3), followed by (2) Defendant's Praecipe Withdrawing Defendant's Motion to Dismiss (Docket Entry No. 9); and (3) Defendants' Motion for Partial Dismissal (Docket Entry No. 11), to which Plaintiff responds in opposition. In its initial Motion to Dismiss (Docket Entry No. 3), Defendant sought dismissal of this action under Federal Rule of Civil Procedure 4(i)(1) for Plaintiff's failure to obtain summonses and serve the Complaint on the Internal Revenue Service ("IRS") and the Attorney General of the United States. Later, it was determined that Plaintiff had properly served all required parties, and Defendant filed the pending Praecipe to withdraw its prior Motion to Dismiss. Accordingly, Defendant's Motion to Dismiss (Docket Entry No. 3) is DEEMED WITHDRAWN.

For the reasons stated in the Memorandum contemporaneously entered herewith, Defendant's latest Motion for Partial Dismissal (Docket Entry No. 11) is GRANTED. Accordingly, Plaintiff's claims under

26 U.S.C. § 6330 challenging the Collection Due Process Hearing by the I.R.S. and Plaintiff's 1997 income tax liability are hereby DISMISSED, and Plaintiff is granted thirty (30) days from the date of entry of this Order within which to appeal the IRS Appeals Office determination with the United States Tax Court pursuant to 26 U.S.C. § 6330(d)(1(B)).

This case involves a discrepancy over a $500 assessment by the Internal Revenue Service. It is not the type of case that requires case management for a year or two. The case is hereby referred to the Magistrate Judge who is directed to conduct a "case management conference" to determine what discovery, if any, is required, set abbreviated deadlines for filing motions, and set a trial date to commence no later than July 22, 2003. The Magistrate Judge is directed to coordinate the setting of a trial date with Judge Echols' Courtroom Deputy.

It is so ORDERED.