**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ERNEST GLENN AMBORT,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 03-4230

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### (D.C. No. 2:02-CV-1215-TC)

---

Submitted on the briefs:

Ernest Glenn Ambort, pro se.

Eileen J. O'Connor, Assistant Attorney General; Jonathan S. Cohen and Paula K. Speck, Attorneys, Tax Division, Department of Justice, Washington, D.C.; Paul M. Warner, United States Attorney, Salt Lake City, Utah, for Defendant-Appellee.

---

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

**LUCERO** , Circuit Judge.

---

Ernest Glenn Ambort appeals from the district court's dismissal of his pro se complaint seeking injunctive and declaratory relief against the United States of America, specifically the Internal Revenue Service (IRS). [1] We determine that the district court lacked subject matter jurisdiction to proceed and therefore affirm the dismissal.

## BACKGROUND

Ambort conducted tax seminars throughout the United States instructing attendees that, although they were United States residents, they could legally claim to be "nonresident aliens" exempt from most federal income taxes. He assisted attendees in their filing of amended return forms claiming a refund for past years' taxes. Ambort received an instructional fee and a share of any refunds. For these efforts, Ambort was indicted for one count of conspiracy and sixty-nine counts of aiding and assisting in the preparation of false tax returns under 26 U.S.C. § 7206(2). He twice sought pretrial appellate relief; this court twice rejected his efforts. *See United States v. Ambort*, 43 Fed. Appx. 263, 265 (10th Cir. 2002); *United States v. Ambort*, 193 F.3d 1169, 1172 (10th Cir. 1999).

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ambort was ultimately convicted of the charged crimes and sentenced to a term of incarceration. [2]

In this civil action (submitted to district court during the pendency of the criminal case), Ambort alleged that he was denied his constitutional and statutory right to challenge currently accepted interpretations of the tax laws without risking prosecution. He also asserted that IRS procedures deter lawful claims for refund, through the use of vague and ambiguous tax forms, instructions, and regulations. Ambort sought a declaration that he could make his tax refund claims without being subject to criminal prosecution and an injunction restraining the Government from criminally prosecuting him for making claims.

Relying on provisions of the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, the district court dismissed the case for lack of subject matter jurisdiction. Ambort, who is now a federal prisoner, then filed this appeal and a request to pay his filing fee in partial payments, *see* 28 U.S.C. § 1915(b)(1). [3]

---

[2]    Ambort has appealed his criminal conviction. *See United States v. Ambort*, No. 03-4243 (10th Cir. docketed Oct. 17, 2003).

[3]    Several other co-defendants were indicted and convicted with Ambort. One of these individuals, John William Benson, was a co-plaintiff in the instant civil action. Benson separately appealed the district court's adverse ruling, but the appeal was dismissed for failure to prosecute. *Benson v. United States*, No. 03-4242 (10th Cir. docketed Oct. 16, 2003). To the extent that Ambort's reply brief can be construed as requesting the inclusion of Benson in this appeal, that

(continued...)

-3-

DISCUSSION

Whether the Declaratory Judgment and Anti-Injunction Acts bar Ambort's claim is a question of law that we review de novo. *See Rosette Inc. v. United States*, 277 F.3d 1222, 1226 (10th Cir. 2002) ("The construction and applicability of a federal statute is a question of law, which we review de novo."). Under the Anti-Injunction Act, subject to certain exceptions, individuals may not maintain any suit for the purpose of restraining the collection of any tax. Likewise, the tax exception provision of the Declaratory Judgment Act prohibits declaratory judgments in matters relating to an individual's federal taxes. In practical effect, these two statutes are coextensive, with the Declaratory Judgment Act "reaffirming the restrictions set out in the Anti-Injunction Act." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974).

Ambort asserts that his cause of action falls within the judicial exception to the statutory prohibitions of both statutes set out in *South Carolina v. Regan*, 465 U.S. 367, 373 (1984). In that case, the Supreme Court stated that the Anti-Injunction Act may not bar relief "where . . . Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." *Id.* at 373. Courts construing this exception, however, have strictly limited its

---

[3](...continued)
motion is denied. Benson's criminal appeal, however, is pending in this court as *United States v. Benson*, No. 03-4249 (10th Cir. docketed Oct. 21, 2003).

applicability. *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 408 n.3 (4th Cir.) (collecting cases), *cert. denied*, 124 S. Ct. 179 (2003). "[T]he basis of the *Regan* exception is not whether a plaintiff has access to a legal remedy for the precise harm that it has allegedly suffered, but whether the plaintiff has any access at all to judicial review." *Id.* at 408.

Under the statutory scheme relevant here, an individual may "from year to year . . . pay the tax that the law purported to require, file for a refund and, if denied, present his claims of invalidity, constitutional or otherwise, to the courts." *Cheek v. United States,* 498 U.S. 192, 206 (1991) (citing 26 U.S.C. § 7422). The refund claim/refund suit procedure is thus available to Ambort for his own claims.[4] Since alternative remedies exist, Ambort's case does not fit within the confines of the *Regan* exception.

Moreover, a taxpayer who "refuses to utilize the mechanisms provided by Congress to present his claims of invalidity to the courts and *to abide by their decisions*" risks criminal prosecution. *Cheek,* 498 U.S. at 206 (emphasis added). The federal courts have long rejected Ambort's rationale for lack of tax liability.

---

[4]    Ambort has provided no authority supporting his asserted right to argue for the refund claims of seminar attendees. We note, however, that the Anti-Injunction Act bars not only "a taxpayer's attempt to enjoin the collection of his own taxes," but also "a suit to enjoin the assessment or collection of anyone[] [else's] taxes." *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 760 (1974).

*See United States v. Hanson*, 2 F.3d 942, 945 (9th Cir. 1993) (rejecting appellant's contention that "as a natural born citizen of Montana he is a nonresident alien" and thus not subject to federal tax laws); *United States v. Cheek*, 882 F.2d 1263, 1269, n.2 (7th Cir. 1989), *vacated on other grounds*, 498 U.S. 192 (1991) (rejecting claim that defendant was not subject to taxation because he was a white male Christian, and not a "'fourteenth amendment citizen'"); *United States v. Studley*, 783 F.2d 934, 937 & n.3 (9th Cir. 1986) (rejecting argument that an "absolute, freeborn, and natural individual" need not pay federal taxes and noting that "this argument has been [so] consistently and thoroughly rejected by every branch of the government for decades . . . [that] advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them"). Indeed, this court has upheld a Fed. R. Civ. P. 12(b)(6) dismissal of Mr. Ambort's refund claim for failure to state a claim upon which relief may be granted. *Benson v. United States*, Nos. 94-4182, 95-4061, 1995 WL 674615, at **2-**3 (10th Cir. Nov. 13, 1995). In that case, we specifically stated that "Mr. Ambort, a United States citizen born in California and living in the United States, is subject to the tax laws" and that his assertion of status as a nonresident alien was frivolous. *Id.* at **3.

Contrary to Ambort's contentions, the consistent rejection of his frivolous arguments does not equate to a denial of access to the courts. *See Werner v. Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994) (holding that a plaintiff has "no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions"). And, consequently, Ambort's refusal to accept the administrative and judicial outcome of his refund claims does not bring his case within the ambit of the *Regan* exception to the Anti-Injunction Act. We conclude that the district court had no subject matter jurisdiction over Ambort's claims. For that reason, there is no legal force to Ambort's additional argument, that the district court's delay in acting upon his in forma pauperis request in this case affected his criminal defense.

We AFFIRM the district court's dismissal for lack of subject matter jurisdiction. We DENY Ambort's motion for oral argument and his joinder request. We GRANT his motion to pay the filing fee in partial payments and remind the appellant that he is obligated to make partial payments until the entire fee has been paid. The mandate shall issue forthwith.