**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SALOMON L. RAEL,

      Plaintiff-Appellant,

  v.

JOELLA M. APODACA,

      Defendant-Appellee.

No. 06-2086
(D.C. No. CIV-05-682-LH/WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.

Plaintiff-appellant Salomon L. Rael, proceeding pro se, appeals the order

entered by the district court dismissing his complaint under Fed. R. Civ. P.

12(b)(1) for lack of subject matter jurisdiction. Plaintiff also appeals the order

entered by the district court denying his motion for reconsideration. We have

jurisdiction over this appeal under 28 U.S.C. § 1291. We affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore submitted without oral argument. This order and judgment is not
binding precedent except under the doctrines of law of the case, res judicata and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background.

On January 3, 2005, after having previously assessed plaintiff with an unpaid federal income tax liability for 2001 in the amount of $10,448.39, plus interest and a late penalty, the Internal Revenue Service (IRS) sent plaintiff a "Final Notice of Intent to Levy and Notice of . . . Right to a Hearing." R., Doc. 5, Ex. 4. The notice informed plaintiff that: (1) the IRS was intending to levy on his property thirty days after the date of the notice; and (2) plaintiff had the right to "[a]ppeal the intended levy . . . by requesting a Collection Due Process hearing within 30 days from the date of the [notice]," *id.* On January 30, 2005, the IRS received a timely request for a collection due process hearing from plaintiff.

As summarized in the "Notice of Determination" that the IRS subsequently sent to plaintiff, on April 7, 2005, IRS settlement officer Joella M. Apodaca, the named defendant in this case, sent a letter to plaintiff informing him that: (1) a telephone conference had been set for May 3, 2005; and (2) he had been "given a deadline of April 20, 2005 to provide the legitimate issues [he] wished to raise and to provide financial information," *id.*, Ex. 2 at 3. On April 20, 2005, plaintiff sent defendant Apodaca a letter informing her that he was "request[ing] a face to face conference." *Id.* On April 26, 2005, defendant Apodaca sent a letter to plaintiff advising him "of the procedures for a face to face conference." *Id.* at 3-4. Defendant Apodaca also informed plaintiff that he must submit "issues relevant to paying [his] tax liability . . . prior to the hearing date," because

"[f]ace-to-face conferences are not allowed if the only items that a taxpayer raises are frivolous or groundless." *Id.*, Doc. 1, Ex. 3 at 1.

On May 3, 2005, plaintiff and defendant Apodaca participated in a telephone conference.

> During the telephone conference, the taxpayer stated that he wanted a face to face conference. The taxpayer was advised that based on a review of the administrative file and information provided to date that he had only raised frivolous arguments. The taxpayer was asked again of the legitimate issues he wished to raise. The taxpayer responded that he was not willing to discuss this. The taxpayer was asked if he was waiving his right to a conference and the taxpayer responded that he wanted a face to face conference only. The taxpayer was advised that . . . he was not entitled to a face to face conference based on the frivolous arguments raised. . . . The taxpayer was advised of his appeal rights and advised that it is Appeals determination that the Director of the Service Center was correct when he/she proposed to serve a levy.

*Id.*, Doc. 5, Ex. 2 at 4.

On May 12, 2005, the IRS formalized its decision by sending plaintiff a "Notice of Determination" advising him that "[t]he Director of the Service Center was correct when he/she proposed to serve a levy." *Id.* at 2. Plaintiff was further informed that he could "dispute this determination in court [by] fil[ing] a petition with the United States Tax Court . . . within 30 days from the date of [the notice]." *Id.* at 1.

Plaintiff did not file a timely petition with the Tax Court. Instead, on June 17, 2005, he filed a "Complaint for Violation of Civil Rights" in the United States District Court for the District of New Mexico. *Id.*, Doc. 1. Defendant Apodaca

was the only defendant named in plaintiff's complaint. Plaintiff alleged that the district court had jurisdiction over his complaint under 28 U.S.C. § 1331 [federal question jurisdiction] and 28 U.S.C. § 1361 [federal mandamus statute]. *Id.* at 1, ¶ 1.

In his complaint, plaintiff alleged that "[t]he actions of Defendant [Apodaca in denying him a face-to-face collection due process hearing] resulted in the deprivation of the Plaintiff's right to due process as guaranteed by the Fifth Amendment of the United States Constitution, resulting in the willful denial of his administrative remedy as codified in 26 U.S.C. § 6330." *Id.* at 4, ¶ 18. As a remedy for this alleged procedural due process violation, plaintiff requested that the district court enter an order directing the IRS "[to] provide a fair hearing . . . for all assessments, penalties and interest against Plaintiff for tax year 2001." *Id.* at 5, ¶ 3.

Defendant Apodaca subsequently filed a motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. After carefully analyzing the motion and the underlying administrative proceedings related to the IRS's proposed income tax levy, the district court granted the motion and dismissed plaintiff's complaint without prejudice. The district court explained its reasoning as follows:

> Plaintiff characterizes his suit as a civil rights controversy, stating that the purpose of his suit is not to seek a damage award, dispute his tax liability, or restrain or stay assessment or collection

of any tax. However, the IRS has already issued a "Notice of Determination" to Plaintiff. The relief Plaintiff seeks, an order requiring that the IRS provide a fair hearing, would, if granted, effectively appeal the IRS determination and restrain collection of taxes.

With few exceptions, the Internal Revenue Code prohibits suits in any court by any person for the purpose of restraining the assessment or collection of any tax. 26 U.S.C. § 7421(a). Under one of those exceptions, a person may appeal a determination of an [IRS] appeals officer to the Tax Court or to a district court of the United States if the Tax Court does not have jurisdiction of the underlying tax liability. 26 U.S.C. § 6330(d)(1). Plaintiff does not allege that the Tax Court does not have jurisdiction of the underlying tax liability. And, this Court does not have jurisdiction over civil claims challenging taxes unless litigants first pay the assessed tax and then raise the claims in a refund suit.

*Id.*, Doc. 11 at 3 (citations omitted from first paragraph).

Plaintiff subsequently filed a motion for reconsideration, arguing that the district court had subject matter jurisdiction over his complaint under the federal mandamus statute, 28 U.S.C. § 1361, because he was merely seeking an order from the district court to compel defendant Apodaca to do her job and provide him with a face-to-face collection due process hearing. *Id.*, Doc. 12 at 1-2. The district court rejected plaintiff's argument and denied his motion for reconsideration. Specifically, after noting that "[t]he test for jurisdiction is whether mandamus would be an appropriate means of relief," *id.*, Doc. 14 at 3, the court concluded that "[m]andamus is not an appropriate form of relief in this case," *id.* First, the court found that "[p]laintiff has not demonstrated that he has a clear right to a face-to-face CDP hearing. CDP hearings are informal in nature

-5-

and do not require . . . a face-to-face meeting." *Id.* Second, the court found that "[p]laintiff also has not demonstrated that he does not have an adequate remedy. The tax code provides for judicial review of his determination." *Id.* Finally, the court found that "[t]he Tax Court also has jurisdiction over Plaintiff's claim of violation of civil rights, i.e. denial of due process." *Id.* at 4.

## II. Analysis.

We review the district court's dismissal for lack of subject matter jurisdiction de novo. *See High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1180 (10th Cir. 2006). Likewise, the issue of whether the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars plaintiff's claims "is a question of law that we review de novo." *Ambort v. United States*, 392 F.3d 1138, 1140 (10th Cir. 2004). Having conducted the required de novo review, we conclude that the district court correctly disposed of this case in its thorough and well-reasoned orders. As explained below, however, our analysis of plaintiff's claim for mandamus relief is different than the district court's, as we conclude that the claim is barred by the Anti-Injunction Act.

Subject to certain statutory and judicial exceptions that are not applicable here, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). As we have recognized, if a taxpayer files a claim in a federal district court that falls within the ambit of the Anti-Injunction Act and

no exception applies, the court must dismiss the claim for lack of subject matter jurisdiction. *Ambort*, 392 F.3d at 1140-41; *see also Sterling Consulting Corp. v. United States*, 245 F.3d 1161, 1167 (10th Cir. 2001) (stating that the Anti-Injunction Act "specifically divests the district court of jurisdiction in order to prevent pre-assessment judicial interference").

As set forth above, the IRS informed plaintiff in its "Notice of Determination" that the Director of the Service Center was correct when he/she proposed to serve a levy on plaintiff's property, and plaintiff was instructed that he could appeal that determination by filing a timely petition with the Tax Court. This was in accordance with the judicial review provision in 26 U.S.C. § 6330(d)(1) (2000).[1] That provision provides that the Tax Court has exclusive jurisdiction over appeals of levy determinations as long as it has jurisdiction over the underlying tax liability, *True v. Comm'r of Internal Revenue*, 108 F. Supp. 2d 1361, 1364 (M.D. Fla. 2000), and it is well established that "a case involving income taxes . . . must be filed in the Tax Court, and the district court lacks jurisdiction." *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (per curiam); *accord Marino v. Brown*, 357 F.3d 143, 146 (1st Cir. 2004) (per curiam) (concluding that Tax Court has exclusive jurisdiction over appeals from collection

---

[1]  Section 6330(d)(1) was amended on August 17, 2006. The amended statute has no effect on this appeal.

due process determinations involving income taxes); *White v. United States*, 250 F. Supp. 2d 919, 921-22 (M.D. Tenn. 2003) (same).

Plaintiff cannot escape this jurisdictional bar by arguing that "his case does not involve taxes *per se*, but only his right to a due process hearing. Despite [plaintiff's] assertions to the contrary, the crux of his dispute with the IRS is obviously his income tax liability." *Voelker*, 365 F.3d at 581. This does not mean that plaintiff was without a remedy for any alleged procedural due process violations, however. To the contrary, as the Seventh Circuit has recognized, "[plaintiff] could have raised these same due process arguments had he properly filed his case in the Tax Court."[2] *Id.* at 582; *accord True*, 108 F. Supp. 2d at 1364 n.4 (noting that taxpayer was free to raise procedural due process arguments in Tax Court as part of appeal concerning collection due process hearing); *White*, 250 F. Supp. 2d at 922-23 (applying § 6330(d)(1) and concluding that Tax Court had exclusive jurisdiction over income tax liability claims and procedural due process claims arising from collection due process hearing).

---

[2] We note that the last sentence in § 6330(d)(1) provides that "[i]f a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court." It does not appear that this provision is applicable here, however, because the controlling regulation requires that the initial appeal to the incorrect court be timely, *see* 26 C.F.R. § 301.6330-1(f)(2), Q-F4, A-F4 (1999), and that was not the case here as plaintiff filed his district court action after the expiration of the thirty-day appeal period.

Because of the jurisdictional bar imposed by the Anti-Injunction Act, 26 U.S.C. § 7421(a), we also conclude that plaintiff cannot circumvent the jurisdictional provisions in § 6330(d)(1) by invoking federal question jurisdiction under 28 U.S.C. § 1331 or federal mandamus jurisdiction under 28 U.S.C. § 1361. To begin with, although the doctrine of sovereign immunity generally does not bar a claim under § 1331 for injunctive relief against a federal officer who has violated a duty imposed by federal law while acting in his official capacity, *see Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown*, 656 F.2d 564, 565-67 (10th Cir. 1981), plaintiff cannot pursue such a claim here. As explained by the district court, "[t]he relief Plaintiff seeks, an order requiring the IRS provide a fair hearing, would, if granted, effectively appeal the IRS determination and restrain the collection of taxes." R., Doc. 11 at 3. Consequently, to the extent that plaintiff is seeking injunctive relief under § 1331, his claim is barred by the Anti-Injunction Act, and the district court did not have subject matter jurisdiction to consider the claim.

We reach the same result applying § 1361. Although the mandamus statute is also not limited by sovereign immunity, *see Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005), the statute "does not override the Anti-Injunction Act." *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 506 (4th Cir. 1999). As a result, because we agree with the district court that plaintiff is seeking to restrain the collection of his unpaid income taxes, the

Anti-Injunction Act bars him from obtaining mandamus relief. *Cf. Souther v. Mihlbachler*, 701 F.2d 131, 132 (10th Cir. 1983) (per curiam) (concluding that the Anti-Injunction Act deprived district court of jurisdiction to consider mandamus petition that sought release of tax levy on plaintiff's property, because it sought "to enjoin the collection of taxes assessed against the petitioner").

Finally, although we do not need to decide the merits of plaintiff's mandamus claim, we want to emphasize that the district court correctly determined that plaintiff had an available and adequate judicial remedy under 26 U.S.C. § 6330(d)(1) in the form of an appeal to the Tax Court.[3] In addition, pursuant to 26 U.S.C. § 7422(a) and 28 U.S.C. § 1346(a)(1), plaintiff could have pursued a tax refund suit in the district court if he had filed a proper administrative claim with the IRS and paid the assessed income taxes in full. *See United States v. Dalm*, 494 U.S. 596, 601-02 (1990); *Flora v. United States*, 362 U.S. 145, 177 (1960).

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[3] Pursuant to 26 U.S.C. § 7482(a)(1), plaintiff could then have appealed any adverse decision of the Tax Court to this court.