**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAUL ANTHONY HATTON,

    Plaintiff - Appellant,

v.

THE HONORABLE DOUGLAS L.
COMBS, Justice of the Oklahoma Supreme
Court; THE HONORABLE PATRICK
WYRICK, Justice of the Oklahoma
Supreme Court; THE HONORABLE TOM
COLBERT, Justice of the Oklahoma
Supreme Court; THE HONORABLE
YVONNE KAUGER, Justice of the
Oklahoma Supreme Court; THE
HONORABLE JOHN F. REIF, Justice of
the Oklahoma Supreme Court; THE
HONORABLE JAMES R.
WINCHESTER, Justice of the Oklahoma
Supreme Court; THE HONORABLE
JAMES E. EDMONSON, Justice of the
Oklahoma Supreme Court; THE
HONORABLE NOMA D. GURICH,
Justice of the Oklahoma Supreme Court;
THE HONORABLE JUDGE ROBERT
DICK BELL; THE HONORABLE JUDGE
LARRY E. JOPLIN; THE HONORABLE
JUDGE KENNETH L. BUETTNER; THE
HONORABLE JUDGE E. BAY
MITCHELL; THE HONORABLE JUDGE
BRIAN JACK GOREE; THE
HONORABLE JUDGE BARBARA G.
SWINDON, in their official capacities,

    Defendants - Appellees.

No. 19-6067
(D.C. No. 5:18-CV-01219-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

Paul Anthony Hatton appeals the district court order dismissing his pro se complaint for injunctive and declaratory relief under 42 U.S.C. § 1983 against the justices of the Oklahoma Supreme Court (OSC) and the judges of the Oklahoma Court of Civil Appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## Background

After an Oklahoma state district court entered summary judgment against Hatton in a lawsuit involving his mortgage, he filed an appeal in the OSC. The OSC designated the case as an accelerated appeal under Oklahoma Supreme Court Rule 1.36, which governs the procedure for appeals from summary judgments and other specified dismissal orders. R. at 119; *see* Okla. Sup. Ct. R. 1.36(a). Although the rule provides that briefs are generally not allowed in accelerated appeals, the OSC issued an order indicating that Hatton "may file a motion for leave to submit

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Hatton is proceeding pro se, "we liberally construe [his] pleadings." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010).

appellate briefs." R. at 269; *see* Okla. Sup. Ct. R. 1.36(g) (providing that "no briefs will be allowed" unless ordered by the court and that motions for leave to submit briefs "shall be deemed denied unless affirmatively granted by the court"). Hatton did not seek leave to file a brief in his appeal. Instead, he filed this action in federal court seeking both an injunction barring the state appellate court judges from enforcing Rule 1.36 in his appeal and a declaration that the rule is unconstitutional.

Defendants moved to dismiss the complaint for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim. The district court dismissed Hatton's claims for injunctive relief under the Anti–Injunction Act (AIA), 28 U.S.C. § 2283. Then, weighing the five factors set forth in *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994), the court concluded that Hatton was not entitled to declaratory relief. This appeal followed.

## Discussion

### 1. Dismissal of Claims for Injunctive Relief

Hatton first argues the AIA does not bar his claims for injunctive relief and that the district court thus erred by dismissing his complaint on that basis. We agree that the AIA does not apply here, but we conclude that the district court nevertheless properly dismissed those claims.

We review de novo the district court's dismissal of a complaint for lack of subject-matter jurisdiction or for failure to state a claim upon which relief can be granted. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Whether

3

the AIA bars Hatton's claims for injunctive relief is also a question of law that we review de novo. *Ambort v. United States*, 392 F.3d 1138, 1140 (10th Cir. 2004).

The district court determined that Hatton's claims for injunctive relief were barred under the AIA, which ordinarily prohibits injunctions against state-court proceedings. *See* § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *see also Mitchum v. Foster*, 407 U.S. 225, 228–29 (1972) (AIA imposes an absolute ban on federal injunctions against pending state court proceeding absent one of the recognized exceptions). In so concluding, the court determined that none of the exceptions to the AIA applied here.

Relying on *Mitchum*, Hatton argues that the AIA does not bar his claims because it does not bar federal courts from issuing injunctions in § 1983 actions. *See* 407 U.S. at 242–43 (§ 1983 is an Act of Congress that falls within § 2283's "expressly authorized" exception). But even if the AIA does not bar his claims for injunctive relief, § 1983 does: it expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." § 1983; *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a

4

judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (alterations and internal citations and quotation marks omitted). Hatton did not allege that defendants violated a declaratory judgment or that declaratory relief was unavailable.[2] Accordingly, we conclude that the district court properly determined that Hatton's claims for injunctive relief were barred, but for reasons other than those stated in the dismissal order. *See GF Gaming Corp. v. City of Black Hawk, Colo.*, 405 F.3d 876, 882 (10th Cir. 2005) (appellate court may affirm a dismissal order on any ground supported by the record, even grounds not relied on by the district court).

## 2. Denial of Claim for Declaratory Relief

We also reject Hatton's contention that the district court erred by denying his claim for declaratory relief.

Under the Declaratory Judgment Act, a district court "<u>may</u> declare the rights and other legal relations of [an] interested party seeking [declaratory relief]." 28 U.S.C. § 2201(a) (emphasis added). The five factors district courts consider in deciding whether to exercise their discretion to hear and decide claims for declaratory judgment are:

---

[2] We note that the fact that Hatton did not prevail on his claim for declaratory relief does not mean declaratory relief was unavailable. *See Arndt v. Koby*, 309 F.3d 1247, 1255 (10th Cir. 2002) (explaining that "[t]he fact that [the plaintiff] ultimately has not prevailed on her section 1983 claim does not make it any less 'available' as a legal remedy"); *see also Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (recognizing that the inquiry in determining whether a remedy is available is whether it provides "an adequate and effective remedial mechanism for testing" the plaintiff's argument, not whether the argument can prevail on the merits).

> [1] whether a declaratory action would settle the controversy;
> [2] whether it would serve a useful purpose in clarifying the legal
> relations at issue; [3] whether the declaratory remedy is being used
> merely for the purpose of procedural fencing or to provide an
> arena for a race to *res judicata*; [4] whether use of a declaratory
> action would increase friction between our federal and state courts
> and improperly encroach upon state jurisdiction; and [5] whether
> there is an alternative remedy which is better or more effective.

*Mhoon*, 31 F.3d at 983 (internal quotation marks omitted).

In reviewing a district court's denial of declaratory relief, we do "not engage in a *de novo* review of all the various fact-intensive and highly discretionary factors involved." *Id.* Rather, we ask only whether the district court's "assessment of them was so unsatisfactory as to amount to an abuse of discretion." *Id.* A district court abuses its discretion when its decision is "arbitrary, capricious, whimsical, or manifestly unreasonable," and we will reverse its decision only if we conclude the court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 981 (10th Cir. 2012) (internal quotation marks omitted).

Here, the district court determined that the fourth and fifth *Mhoon* factors weighed in favor of denying Hatton's claim for declaratory relief. Specifically, it concluded that (1) any order for declaratory relief regarding the constitutionality of Rule 1.36 and the propriety of the state courts' application of that rule to Hatton's appeal would create friction between the federal and state courts and encroach on the OSC's exercise of its authority to adopt and enforce rules of procedure for Oklahoma courts; and (2) Hatton had another adequate remedy—he could seek leave to file a

6

brief in his state-court appeal pursuant to Rule 1.36(g) and raise his challenges to the rule in the OSC.

Hatton complains that the district court did not expressly consider the other *Mhoon* factors, and he maintains that the fact that his state-court appeal and federal suit are not "parallel declaratory judgment" proceedings with identical parties and claims requires a different result. Aplt. Opening Br. at 13. Contrary to Hatton's contention, however, there is no requirement that a district court consider "at least four and, usually, all [five] of the *Mhoon* factors," *id*. at 14, and no single factor in the declaratory judgment calculus is determinative, *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002). True, in deciding whether a controversy would more appropriately be settled in a pending state court action and whether the federal declaratory judgment action would therefore serve no useful purpose (the first and second *Mhoon* factors), a district court should consider the proceedings' similarity. *City of Las Cruces*, 289 F.3d at 1183. But there is no requirement that the state and federal actions be identical, and their similarity is just one of the many considerations a federal court must balance when deciding whether to grant declaratory relief. *Id*. We find no abuse of discretion in the district court's conclusion that considerations of federalism, efficiency, and comity weighed against resolving Hatton's challenges to a state-court procedural rule in a federal declaratory judgment action.

## Conclusion

We affirm the order dismissing Hatton's complaint.  We deny as moot his motion for expedited disposition of the appeal and his request for leave to file supplemental facts in support of that motion.  We grant Hatton's motion for leave to proceed on appeal without prepayment of costs or fees, and we remind him of his obligation to pay the full amount of the appellate filing and docketing fees.

Entered for the Court


Joel M. Carson III
Circuit Judge